# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
November 25, 2025
Lyle W. Cayce
Clerk

No. 25-30067

UNITED STATES OF AMERICA,

         *Plaintiff—Appellee*,

versus

JAMES TROY PHILLIPS,

         *Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:23-CR-214-10
_____

Before KING, HIGGINSON, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

  After FBI agents caught wind of James Phillips's marijuana-trafficking activities, the agents had local law enforcement officers conduct a traffic stop of Phillips. Instead of complying with the stop, Phillips led the officers on a high-speed car chase, reaching speeds of over 135 miles per hour. He struck a vehicle during the chase and ultimately evaded law enforcement.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-30067

After his eventual arrest and indictment, Phillips pled guilty to conspiracy to distribute and possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), 846. The presentence report (PSR) calculated that Phillips's guidelines imprisonment range was 51 to 63 months. But because his conviction carried a five-year mandatory minimum, the range's floor was adjusted upward to 60 months. *Id.* at § 841(b)(1)(B)(vii).

In his sentencing memorandum, Phillips argued that the district court should disregard the mandatory minimum because he met the five requirements of the sentencing safety valve. *See* 18 U.S.C. § 3553(f). Under the safety valve, the district court "shall impose" a sentence "without regard to any statutory minimum sentence" if:

> (1) the defendant does not have—
>> (A) more than 4 criminal history points . . . ;
>> (B) a prior 3-point offense . . . ; and
>> (C) a prior 2-point violent offense . . . ;
>
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> (3) the offense did not result in death or serious bodily injury to any person;
>
> (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, . . . and was not engaged in a continuing criminal enterprise . . . ; and
>
> (5) . . . the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan . . . .

*Id.*  A defendant must meet all five requirements for safety valve relief. *Pulsifer v. United States*, 601 U.S. 124, 150 (2024). Phillips listed the safety valve's five requirements and then briefly explained why he met each of them.  The Government did not file a response.  At the sentencing hearing, Phillips's counsel reiterated that "we believe Mr. Phillips meets the criteria set forth in 18 U.S.C. § 3553(f), which would permit the Court to go below the statutory minimum sentence."  The Government responded that it was "simply asking the Court for a guideline sentence," and that this was not "the type of case that warrants going below that."

The district court then sentenced Phillips to 60 months of imprisonment "after consideration of the factors in Section 3553(a) of Title 18 pertaining to the defendant's criminal history, his personal characteristics, as well as his involvement in the instant offense, taking into account the five-year mandatory minimum sentence."  The district court did not mention the safety valve, or if it would have imposed the same sentence whether the safety valve applied or not.  But by considering the five-year minimum, the district court must have denied safety valve relief.  Otherwise, the statutory minimum would not have applied.

On appeal, Phillips contends that the district court erred by denying safety valve relief and that his 60-month sentence is excessive.  In response, the Government argues—for the first time—that Phillips failed to meet the safety valve's second requirement because he precipitated the high-speed car chase leading to his arrest.[1]  In essence, the Government contends that

---

[1] The Government also argues that Phillips failed to preserve his objection to the district court's denial of safety valve relief and that Phillips waived his claim for safety valve relief by failing to brief it on appeal. We disagree with both arguments. In his sentencing memorandum before the district court and then again in his brief on appeal, Phillips listed the safety valve's five requirements and then explained why he met each of them. That is

3

No. 25-30067

Phillips "use[d] violence or credible threats of violence" in driving his vehicle at speeds exceeding 135 miles per hour, or in that context "possessed a . . . dangerous weapon . . . in connection with the offense[.]" 18 U.S.C. § 3553(f)(2).[2]

In our view, the district court's decision gives us too little to engage the merits of the parties' arguments. While the court apparently denied safety valve relief, the court's stated rationale for imposing a 60-month sentence indicates only that the court considered Phillips's "criminal history, his personal characteristics, as well as his involvement in the instant offense," 18 U.S.C. § 3553(a), "taking into account the five-year mandatory minimum sentence." And the Government's statements during the sentencing hearing added no discernible clarification. Sphinx-like, the Government "just simply ask[ed] . . . for a guideline sentence" because this was not "the type of case that warrants going below that," without contesting Phillips's assertion that the safety valve applied. Simply put, this record sheds no light on the issue the parties now contest as dispositive to the appeal.

True enough, the parties now vigorously debate whether Phillips met the safety valve's second requirement. But assuming the district court determined the safety valve did not apply, the record does not divulge which of § 3553(f)'s requirements the district court believed that Phillips had not satisfied. Nor can we discern *why*, leaving us with "no reliable indication of the reason for the court's decision to deny relief." *United States v. Stanford*, 79 F.4th 461, 464 (5th Cir. 2023). Given that the Government did not oppose

---

sufficient. *See United States v. Flanagan*, 87 F.3d 121, 124 (5th Cir. 1996) (failure to preserve); *United States v. Scroggins*, 599 F.3d 433, 446–47 (5th Cir. 2010) (waiver).

[2] The Government does not assert that Phillips failed to satisfy any of the safety valve's other four requirements.

Case 5:23-cr-00254-MLH Document 181 Filed 11/25/25 Page 5 of 8 PageID #: 4620
Case: 25-30067 Document: 61-1 Page: 5 Date Filed: 11/25/2025

No. 25-30067

safety valve relief in the district court, the paucity of any explanation is particularly confounding.

And resolving the parties' contentions would also make law on an issue of first impression in our court. While one of our sister circuits has addressed whether a high-speed flight from law enforcement may defeat the second safety valve requirement—finding that it does, *see United States v. Harden*, 866 F.3d 768 (7th Cir. 2017)—our court has yet to do so. The novelty of the issue further counsels against jumping the gun on the merits.

In this case, there can be no meaningful review of the district court's decision without some articulation of the court's reasons for denying safety valve relief. Whatever the court's particular reasons, we must know them before we can review them. Or, perhaps the district court chose to forgo any safety valve analysis because the court believed it would make no practical difference: Phillips's 60-month sentence is still within the otherwise applicable guidelines range of 51 to 63 months. Either way, the record before us "does not tell us what we need to know to exercise our review function[.]" *Stanford*, 79 F.4th at 464.

We therefore remand for the limited purpose of allowing the district court to articulate its reasons for denying safety valve relief.[3] We retain

---

[3] We emphasize that we order a limited remand for the district court to explain why it denied safety valve relief. *Cf. United States v. Perez*, 27 F.4th 1101, 1104–05 (5th Cir. 2022) (remanding "for the limited purpose of allowing the district court to enter reasons for denying Perez's motion" for a reduced sentence under the First Step Act); *United States v. Delancey*, 190 F. App'x 376 (5th Cir. 2006) ("[T]he district court failed to state any reasons for its departure [from the guidelines]. Thus, this court cannot conduct a meaningful review of the sentence. Accordingly, the case is remanded to the district court for the limited purpose of assignment of reasons[.]"). If the district court had wholly omitted any explanation for the overall sentence, by contrast, then vacatur and remand— not limited remand—would be appropriate. *See United States v. Williams*, 783 F. App'x 435, 437–38 (5th Cir. 2019) ("The failure to provide any explanation as to the reasons for the sentence, especially when the defendant provided legitimate reasons for a downward

appellate jurisdiction pending the district court's response. *United States v. Gomez*, 905 F.3d 347, 356 (5th Cir. 2018).

REMANDED.

---

variance, is a significant procedural error and an abuse of discretion. . . . Therefore, this court must vacate the sentence and remand back to the district court for re-sentencing.").

STEPHEN A. HIGGINSON, *Circuit Judge*, dissenting:

I would affirm Phillips's sentence because his 135 miles per hour high-speed flight, during which he struck another vehicle and escaped law enforcement, forecloses applicability of 18 U.S.C. § 3553(f)'s safety valve provision, as explained in *United States v. Harden*, 866 F.3d 768 (7th Cir. 2017).

# United States Court of Appeals
**FIFTH CIRCUIT**
OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

November 25, 2025

Mr. Daniel J. McCoy
Western District of Louisiana, Shreveport
United States District Court
300 Fannin Street
Suite 1167
Shreveport, LA 71101-0000

    No. 25-30067   USA v. Phillips
                         USDC No. 5:23-CR-214-10

Dear Mr. McCoy,

Enclosed is an opinion entered in this case. The case has been placed in abeyance pending disposition of the remand proceedings stated within the opinion.

                        Sincerely,

                        LYLE W. CAYCE, Clerk

                        By: _____
                        Rebecca L. Leto, Deputy Clerk
                        504-310-7703

Enclosure(s)

cc:  Ms. Camille Ann Domingue
     Mrs. Amy Gardner Day
     Ms. Robin Samson McCoy
     Mr. Thomas Forrest Phillips